

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA RAMBARAN<br>148-07 116 Ave.<br>Jamaica, NY 11436<br><br>Plaintiff,<br><br>v.<br><br>ST. MARY'S HOSPITAL FOR CHILDREN<br>29-01 216th Street<br>Bayside, NY 11360<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO.: _____<br><br>JURY TRIAL DEMANDED |

CIVIL ACTION COMPLAINT

Plaintiff, Lisa Rambaran (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against St Mary's Hospital for Children (hereinafter referred to as "Defendant" unless otherwise indicated), and avers as follows:

INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 for racial, national origin and pregnancy discrimination. As a result of Defendant's unlawful actions, Plaintiff suffered damages set forth herein.

JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice,

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, in Pennsylvania.

PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a health care provider with a principle place of business with an address as set forth in the caption.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

ADMINISTRATIVE EXHAUSTION

9. Plaintiff timely filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) asserting that she was discriminated against because of her race, national origin and pregnancy. Plaintiff properly exhausted her administrative requirements by filing a timely Charge and by filing the instant Complaint within ninety (90) days of receiving a notice of dismissal from the EEOC.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff, who is Guyanese, worked for three (3) years in its traumatic brain unit as a certified nursing assistant

12. At all times relevant herein, Plaintiff was supervised by oneMyra Baltazar.

13. At all times relevant herein, Plaintiff suffered from a high risk pregnancy.

14. During the course of Plaintiff's employment she was subject to disparate treatment in being subjected to discipline and termination based on her national origin and pregnancy.

15. Plaintiff was accused of placing a child in "time out".

16. A week after the alleged incident, Plaintiff was suspended for three (3) days.

17. Defendant did not follow its normal procedure for investigating the incident.

18. At the conclusion of the three (3) day suspension Plaintiff was terminated.

19. Defendant did not suspend or terminated other similarly situated employees for similar or more serious offenses.

20. During the course of Plaintiff's pregnancy, she was repeatedly told by supervisors that she needed to take time off.

21. Plaintiff informed her supervisors that she was fully capable of continuing to perform her job duties with the exception of heavy lifting.

22. Other non-guyanese employees who were pregnant were not instructed to take time off.

23. Upon information and belief, Defendants' reason for termination was pretextual.

24. Upon information and belief, Plaintiff was discriminated against on account of her national origin and pregnancy

25. Upon information and belief, Plaintiff's pregnancy and national origin were motivating factors in her termination.

## Count I
### Violations of Title VII of the Civil Rights Act of 1964
(Race, National Origin Discrimination, & Sex/ Pregnancy Discrimination)

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. Plaintiff was subjected to unlawful discrimination in being subjected to disparate discipline and other conditions of employment with Defendant based on her race and national origin.

28. Plaintiff was subjected to unlawful discrimination in being subjected to disparate discipline and other conditions of employment with Defendant based on her race and national origin.

29. Plaintiff was also terminated because of his race, national origin and sex/ pregnancy.

30. These actions as aforesaid constitute violations of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, salary, and pay increases. Plaintiff should be accorded those benefits illegally withheld (if determined that there are such benefits) from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

E. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

H. Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & VIRANT, P.C.

By: _____
Adam C. Virant
140 Broadway
46th Floor
New York, NY 10005
(212) 929-6030

Date: March 5, 2008