UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA RAMBARAN<br>148-07 116 Ave.<br>Jamaica, NY 11436<br>　　　　　　　　　Plaintiff,<br><br>- against -<br><br>ST. MARY'S Hospital FOR CHILDREN<br>29-01 216TH Street<br>Bayside, NY 11360<br>　　　　　　　　　Defendant. | CIVIL ACTION<br>CASE NO.: 08-2386 (LAP)(AJP)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CIVIL ACTION COMPLAINT** |

Defendant, ST. MARY'S HOSPITAL FOR CHILDREN ("Defendant"), by its attorneys, Clifton Budd & DeMaria, LLP, for its answer to Plaintiff's First Amended Civil Action Complaint ("the Complaint"), in the above-captioned matter, responds as follows:

### INTRODUCTION

1. Denies the allegations contained in paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2. Admits the allegations contained in paragraph 2 of the Complaint.

3. Admits that this Court has personal jurisdiction over Defendant, except as so admitted, denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations contained in paragraph 4 of the Complaint.

### PARTIES

5. Repeats and realleges the answers set forth in paragraphs 1-4 of the Answer, as if fully replead herein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Admits the allegations contained in paragraph 7 of the Complaint.

8. Denies the allegations contained in paragraph 8 of the Complaint.

**ADMINISTRATIVE EXHAUSTION**

9. Denies the allegations contained in paragraph 9 of the Complaint.

**FACTUAL BACKGROUND**

10. Repeats and realleges the answers set forth in paragraphs 1-9 of the Answer, as if fully replead herein.

11. Admits that Plaintiff worked in St. Mary's Traumatic Brain Unit as a Certified Nursing Assistant from July 9, 2004 through August 28, 2007, except as so admitted, denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Admits that Plaintiff was supervised by Myra Baltazar, except as so admitted, denies the remaining allegations contained in paragraph 12.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

**Count I**
**Violations of Title VII of the Civil Rights Act of 1964**
**(Race, National Origin Discrimination, & Sex/Pregnancy Discrimination)**

26. Repeats and realleges the answers set forth in paragraphs 1-25 of the Answer, as if fully replead herein.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

The Plaintiff is not entitled to any of the relief sought in the Complaint because she has failed to mitigate her damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages because, assuming without conceding that Plaintiff was a victim of discriminatory conduct, Defendant acted at all times in good faith and consistent with its policies and practices against unlawful discrimination.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Assuming without conceding that Plaintiff was motivated by discriminatory reasons, Plaintiff is not entitled to damages because Defendant would have treated Plaintiff similarly even if Plaintiff's race, natural origin and/or sex (pregnancy) played no role in any employment decision.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Defendant is not liable because it exercised reasonable care to prevent and correct any unlawful discriminatory behavior and the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because she has failed to exhaust her administrative remedies.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**WHEREFORE,** Defendant requests that the Complaint be dismissed in its entirety and that Defendant be awarded reasonable attorney's fees and costs incurred in defending this action and such other further relief as the Court deems just and proper.

Dated: New York, New York
       July 7, 2008

                                        CLIFTON BUDD & DeMARIA, LLP
                                        *Attorneys for Defendant*

                                    By: _____
                                        Daniel C. Moreland, Esq. (DM-2672)
                                        Stefanie R. Munsky, Esq. (SM-0724)
                                        420 Lexington Avenue, Suite 420
                                        New York, New York 10170
                                        (212) 687-7410

TO:   Adam C. Virant, Esq.
      Karpf, Karpf & Virant, P.C.
      Attorneys for Plaintiff
      140 Broadway, 46th Floor
      New York, New York 10005
      (212) 929-6030

G:\DCM\LITIG\St.Mary's\Rambaran\Answer.doc

## CERTIFICATE OF SERVICE BY ECF AND FIRST CLASS MAIL

I certify that on July 7, 2008 I served the foregoing Answer upon the following counsel for Plaintiff Lisa Rambaran via ECF and U.S. First Class Mail by depositing a true copy of the same enclosed in a postage-paid, properly addressed wrapper in a depository under the exclusive care and custody of the United States Post Office within New York State:

>Adam C. Virant, Esq.
>Karpf, Karpf & Virant, P.C.
>Attorneys for Plaintiff
>140 Broadway, 46th Floor
>New York, New York  10005

_____
Stefanie Munsky